# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAQAVICE GRACE,

   Petitioner,

                                                      CASE NO. 2:16-CV-14243

v.                                              HONORABLE GERSHWIN A. DRAIN
                                              UNITED STATES DISTRICT COURT

LORI GIDLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Jaqavice Grace, ("Petitioner"), incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for unlawful imprisonment, Mich. Comp. Laws § 750.349(b), and interference with electronic communications, Mich. Comp. Laws § 750.540. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of unlawful imprisonment, felonious assault, and interference with electronic communications following a jury trial in the Saginaw County Circuit Court. The jury acquitted petitioner of kidnapping, first-degree criminal sexual conduct, and a second charge of felonious assault. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

> The charges against defendant arose from an incident occurring in February 2014 involving two female high school students. Defendant was also a high school student at the time. Defendant and one of the alleged victims met on a social website. She, along with a friend, picked defendant up in Saginaw, Michigan and attended a house party. After leaving the party, the two victims, one driving and the other riding in the front passenger seat, began driving defendant to an address that he provided. On the way, defendant allegedly started fondling the victim in the passenger seat. The victims testified at trial that defendant brandished a gun, took the driver's cellphone, and forced the driver to pull over and the passenger to enter the backseat, where he sexually assaulted her. As previously stated, defendant was acquitted of the crimes allegedly committed against the passenger, but was convicted of the crimes committed against the driver.
>
> At sentencing, defense counsel argued that because defendant possessed a starter pistol when convicted under MCL 750.82(1) and MCL 750.349(1)(a), a directed verdict should have been entered with respect to the felonious assault and unlawful imprisonment charges. The trial court stated that this issue should have been brought before the jury's deliberations, and nevertheless, a starter pistol can be used to strike someone, cause hearing damage, or physical harm due to the pistol spark. The trial court reasoned that the pistol, not having bullets, will not kill someone, but there are many different ways that it could be used as a weapon, and after hearing the proper instructions, the jury decided that the pistol was used in that manner. Defendant was sentenced as stated above. This appeal ensued.

*People v. Grace*, No. 322653, 2016 WL 196991, at * 1 (Mich. Ct. App. Jan. 14, 2016).

The Michigan Court of Appeals reversed petitioner's conviction for felonious assault, on the ground that petitioner's starter pistol did not qualify as a dangerous weapon within the meaning of the felonious assault statute. *Id.,* at * 4. The Michigan Court of Appeals affirmed petitioner's remaining two convictions. *Id.,* at * 5–6. The Michigan Court of Appeals ruled that the sentencing guidelines had been scored correctly under a preponderance of evidence standard. *Id.,* * 6–8. The Michigan Court of Appeals nonetheless remanded the matter back to the trial court in light of the

Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), because the jury did not find the facts to support the scoring of the sentencing guidelines beyond a reasonable doubt as they were not part of the elements of unlawful imprisonment and petitioner did not admit to these facts. *Id.,* * 8–9. On remand, the trial judge was to determine whether he would have imposed a materially different sentence but for the constitutional error. *Id.*

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Grace,* 499 Mich. 929, 878 N.W.2d 861 (2016).

On remand, the trial judge indicated that he would not have imposed a materially different sentence and affirmed the sentence imposed. *People v. Grace*, No. 14-039975-FC (Saginaw Cty. Cir.Ct., Nov. 3, 2016)(This Court's Dkt. # 8-12).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The prosecution presented insufficient evidence to support a prosecution.

II. Due process requires dismissal of the charges due to an inconsistent verdict where the jury acquitted Grace of all sexual assault charges related to Hunter Roy, but convicted him of all charges related to Megan Bebee.

III. Grace is entitled to resentencing where the trial court misconstrued the sentencing guidelines and trial counsel was ineffective for failing to challenge the scoring of offense values.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103. A habeas petitioner should be denied relief as long as it is within the

"realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A. Claim # 1. The sufficiency of evidence claim.**

Petitioner contends that there was insufficient evidence to convict him of unlawful imprisonment because the starter pistol that he used did not qualify as a "weapon or a dangerous instrument," within the meaning of the unlawful imprisonment statute.

Under Michigan law, a person is guilty of the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

> (a) The person is restrained by means of a weapon or dangerous instrument.
>
> (b) The restrained person was secretly confined.
>
> (c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

*See United States v. Anderson*, 608 F. App'x. 369, 373 (6th Cir. 2015)(citing Mich. Comp. Laws § 750.349b).

Petitioner was convicted of unlawful imprisonment under section (a) of the statute.

The Michigan Court of Appeals rejected petitioner's claim:

> MCL 750.349b(1)(a) does not define what comprises a "weapon or dangerous instrument." Hence, by the Legislature not expressly defining the language "weapon or dangerous instrument," those words are open to more than one reasonable meaning. *People v. Gardner*, 482 Mich. 41, 50 n. 12; 753 NW2d 78 (2008). Therefore, we construe the statute to give effect to the Legislature's intent. *People v. Cole*, 491 Mich. 325, 330; 817 NW2d 497 (2012). "Unless they are otherwise defined in the statute or are terms of art or technical words, we assign the

words of a statute their plain and ordinary meanings." *People v. Haynes*, 281 Mich.App 27, 29; 760 NW2d 283 (2008).

Recently, in *People v. Ackah–Essien*, ––– Mich.App ––––; ––– NW2d ––– (2015), this Court defined the term "weapon" for purposes of MCL 750.226 as "something (as a club, knife or gun) used to injure, defeat or destroy." Slip op. at 6 (quotation marks omitted). It is therefore important to note that contrary to the implications set forth in defendant's brief on appeal, the analysis employed pursuant to *Stevens*, 409 Mich. at 564 [1] is inapplicable to MCL 750.349b. Unlike MCL 750.82, MCL 750.349b does not require proof that defendant used a "dangerous weapon." Rather, conviction under MCL 750.349b(1)(a) merely requires proof beyond a reasonable doubt that the defendant used "a weapon " to restrain another person.

The distinction between a "dangerous weapon" and "a weapon" is significant because "[i]t is well known that a term can be defined in a number of different ways; therefore, when interpreting a statute, this Court is to determine the most pertinent definition of a word in light of its context." *People v. Hershey (On Remand)*, 303 Mich.App 330, 339; 844 NW2d 127 (2013)(citation and internal quotation marks omitted). Additionally, the Legislature is "presumed to know of and legislate in harmony with existing laws." *People v. Cash*, 419 Mich. 230, 241; 351 NW2d 822 (1984)(citation omitted). Therefore, to resolve whether the starter pistol constituted a weapon, we turn to the evidence produced at trial to determine if the starter pistol was something defendant used to "injure, defeat or destroy" the victim. *Achah–Essien*, ––– Mich.App at ––––; slip op at 6.

Testimony of the driver reveals that defendant pulled out the starter pistol, pointed it at her and ordered her to "pull the car over." Next, defendant pointed the starter pistol at her, ordered her to turn around so that she was facing the front while he ordered the other victim into the back seat. Testimony of the driver also revealed that defendant pointed the starter pistol at her when he took her cell phone. The driver further testified that defendant was pulling the hammer back on the starter pistol, which she presumed was intended to frighten her. From this record evidence, we conclude that the starter pistol constituted a weapon within the meaning of MCL 750.349b(1)(a). Defendant used the starter pistol as a means to prevent the driver from leaving the car and in doing so he defeated any intention the driver had of assisting her friend during the alleged sexual assault. *Achah–Essien*, ––– Mich.App at ––––; slip op at 6. Additionally, defendant used the starter pistol as a means to

---

[1] *People v. Stevens,* 409 Mich. 564, 297 N.W. 2d 120 (1980).

acquire the driver's cell phone. Viewed in a light most favorable to the prosecution, we find that the evidence at trial would have allowed a jury to find beyond a reasonable doubt that defendant used the starter pistol as a weapon in order to restrain the driver. Therefore, contrary to defendant's argument on appeal, there was sufficient evidence to sustain his conviction of unlawful imprisonment. Accordingly, defendant is not entitled to relief on this issue.

*People v. Grace*, No. 322653, 2016 WL 196991, at * 5 (internal footnote omitted).

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding

was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id.* (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals determined that petitioner's starter pistol qualified as a weapon or dangerous instrument within the meaning of Mich. Comp. Laws § 750.349(b)(1)(a). This Court must defer to the Michigan Court of Appeals' construction of the elements of the crime of unlawful imprisonment and therefore cannot grant habeas relief on any claim that the Michigan Court of Appeals misinterpreted the statute.

Finally, the evidence was sufficient to convict petitioner of unlawful imprisonment. The victims testified that petitioner pulled his starter pistol out, pointed it at Ms. Megan Beebe, and ordered her to pull the car over. Petitioner ordered Beebe to turn around and be quiet, before taking

her cell phone. Petitioner pulled the hammer of the starter pistol back, which frightened Beebe. Petitioner used the starter pistol to prevent Ms. Beebe from assisting her friend Ms. Roy from being sexually assaulted. This evidence was sufficient to establish the elements of unlawful imprisonment. Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. The inconsistent verdicts claim.

Petitioner contends that the verdict should he set aside because it was inconsistent for the jury to acquit him of all of the charges relating to Ms. Hunter Roy, but convicted him of the charges involving Ms. Beebe.

Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); *See also Mapes v. Coyle*, 171 F. 3d 408, 419-20 (6th Cir. 1999). The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984). The fact that an inconsistent verdict might be the result of lenity on the part of the factfinder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.* Petitioner is not entitled to habeas relief on his second claim.

### C. Claim # 3. The sentencing guidelines/ineffective assistance of counsel claims.

Petitioner lastly argues that his sentencing guidelines were incorrectly scored and that trial counsel was ineffective for failing to object to the scoring of Offense Variable (OV) 4 of the sentencing guidelines.

Petitioner was sentenced to eighty six months to fifteen years in prison on the unlawful imprisonment conviction and one to two years on the interference with electronic communications conviction. Both sentences were within the statutory limits for those offenses.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,*

347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

The Court is aware that petitioner argued in the state courts that the scoring of his sentencing guidelines violated his Sixth Amendment right to a jury trial.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58. The Supreme Court, however, indicated that its decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

*Alleyne* is inapplicable to petitioner's case, because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to petitioner in this case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *See also*

11

*United States v. James*, 575 F. App'x. 588, 595 (6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x. 483, 485 (6th Cir. 2014)("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'...It said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x. 668, 672– 73 (6th Cir. 2013).

The Court is aware that the Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015). The Michigan Court of Appeals in petitioner's case relied on *Lockridge* to remand his case to the trial court for a hearing to determine whether he would have imposed a materially different sentence. [2]

Petitioner cannot rely on *Lockridge* to obtain relief with this Court. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18,

---

[2] Any *Alleyne/Lockridge* claim could very well have been mooted by the Michigan Court of Appeals' remand order. However, to the extent that petitioner is claiming that the trial judge's reimposition of the same sentence violates his Sixth Amendment right to a jury trial, he would still not be entitled to habeas relief.

2016). In light of the fact that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at * 6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.; See also Perez v. Rivard,* No. 2:14-CV-12326, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015)(petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*).

Petitioner further claims that trial counsel was ineffective for failing to object to the scoring of OV 4 at 10 points for serious psychological injury requiring professional treatment.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385–86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

In this case, the Michigan Court of Appeals concluded that there was a factual basis for the scoring of OV 4 under a preponderance of evidence standard. *People v. Grace*, 2016 WL 196991, at * 7. Although the Michigan Court of Appeals further concluded that the matter had to be remanded to the trial court because none of the sentencing guidelines variables had been proven beyond a reasonable doubt, on remand the trial judge indicated he would have imposed the same sentence in spite of any constitutional error. *People v. Grace*, No. 14-039975-FC, * 2.

The Michigan Court of Appeals concluded that there was at least some evidence to support the scoring of OV 4. On remand, the judge determined that he would have imposed the same sentence regardless of the scoring of the sentencing guidelines. Petitioner is therefore unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring

of OV 4 of the sentencing guidelines. See *Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007). Petitioner is not entitled to relief on his third claim.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

Dated: June 28, 2017

/s/Gershwin A Drain  
HON. GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE